Case No. SACV 17-02075-CJC(Ex)            Date: December 27, 2017

Title: <u>WENDY JOHNSON V. BARCLAYS BANK DELAWARE, INC.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                      None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

       On October 5, 2017, *pro per* Plaintiff Wendy Johnson filed the present action against Defendant Barclays Bank Delaware, Inc. in California small claims court. (Dkt. 1-1.) Plaintiff initiated this suit by completing a standard small claims form, indicating the name and address of Defendant, the amount sought, and the alleged reasons Defendant owes the amount sought. (*Id*.) In Plaintiff's form, she claims that Defendant is liable for "(1) professional negligence, (2) failure to provide documentation and validation of accounts, and (3) violation of Fair Credit Reporting Act." (*Id*. at 2.) Plaintiff also indicates that she seeks damages of $1,104.95. (*Id*.) Plaintiff does not include any factual allegations to describe the circumstances or alleged conduct that give rise to Plaintiff's claims. (*See generally, Id.*)

       On November 28, 2017, Defendant removed the action to this Court, invoking federal question jurisdiction. (Dkt. 1 [Notice of Removal].) Defendant claims the action arises under federal law because Plaintiff alleges that Defendant violated the Fair Credit Reporting Act. (*Id*. at 2.) For the following reasons, the Court *sua sponte* **REMANDS** this suit to state court for lack of subject matter jurisdiction.

       A civil action brought in a state court but over which a federal court may exercise original jurisdiction may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). However, "[a] suit may be removed to federal court under 28 U.S.C.

§ 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A federal court can assert subject matter jurisdiction over cases that: (1) involve questions arising under federal law; or (2) are between diverse parties and involve an amount in controversy of over $75,000. 28 U.S.C. § 1331; *id.* § 1332.

Defendant has failed to meet its burden to establish federal question jurisdiction under 28 U.S.C. § 1331. An action "arises under" federal law when a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Plaintiff's claim form mentions a federal statute, the Fair Credit Reporting Act, but offers no factual allegations indicating the basis for her claims or indicating why the Act applies in this case. In short, Plaintiff's small claims form is insufficient to establish that the Fair Credit Reporting Act creates a cause of action or that Plaintiff's right to relief necessarily depends upon the resolution of substantial questions of federal law.

Defendant's motion to dismiss, (Dkt. 6), is **DISMISSED AS MOOT** and the hearing set for January 8, 2018, at 1:30 p.m. is hereby vacated and off calendar.

sl